**Exhibit A**



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess  Logoff STEVENSHREDL

**2016-CV17865 - MELISSA EVANS V MAPLEBEAR, INC. (E-CASE)**

FV  Case  | Parties &  | Docket  | Charges, Judgments  | Service  | Filings  | Scheduled  | Civil  | Garnishments/
Header Attorneys  Entries  & Sentences  Information  Due  Hearings & Trials  Judgments  Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**06/06/2021** ☐ **Certificate of Service**
Certificate of Service of Petition Summons.
**Filed By:** CHARLES RYAN REGAN
**On Behalf Of:** MELISSA EVANS

☐ **Corporation Served**
Document ID - 21-SMCC-4445; Served To - MAPLEBEAR, INC.; Server - ; Served Date - 21-MAY-21; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served

**05/14/2021** ☐ **Case Mgmt Conf Scheduled**
**Scheduled For:** 08/27/2021; 9:00 AM; JUSTINE E DEL MURO; Jackson - Kansas City

☐ **Order After Case Mgmt Conf**
☐ **Case Mgmt Conf Held**
**Scheduled For:** 05/14/2021; 9:00 AM; JUSTINE E DEL MURO; Jackson - Kansas City

☐ **Summons Issued-Circuit**
Document ID: 21-SMCC-4445, for MAPLEBEAR, INC..

☐ **Order - Special Process Server**

**05/04/2021** ☐ **Request Filed**
Request for Summons for Personal Service.
**Filed By:** CHARLES RYAN REGAN
**On Behalf Of:** MELISSA EVANS

☐ **Motion Special Process Server**
Motion for Approval and Appointment of Private Process Server; Affidavit for Appointment as a Private Process Server.
**Filed By:** CHARLES RYAN REGAN
**On Behalf Of:** MELISSA EVANS

**03/17/2021** ☐ **Case Mgmt Conf Scheduled**
Court notes: No Service.
**Associated Entries:** 05/14/2021 - Case Mgmt Conf Held
**Scheduled For:** 05/14/2021; 9:00 AM; JUSTINE E DEL MURO; Jackson - Kansas City

☐ **Hearing Continued/Rescheduled**
**Hearing Continued From:** 03/19/2021; 9:00 AM Case Management Conference

**01/06/2021** ☐ **Case Mgmt Conf Scheduled**
**Associated Entries:** 03/17/2021 - Hearing Continued/Rescheduled
**Scheduled For:** 03/19/2021; 9:00 AM; JUSTINE E DEL MURO; Jackson - Kansas City

## Exhibit A

| | |
|---|---|
| | ☐ **Hearing Continued/Rescheduled** |
| | **Hearing Continued From:** 01/08/2021;  8:30 AM Case Management Conference |
| 09/01/2020 | ☐ **Case Mgmt Conf Scheduled** |
| | **Associated Entries: 01/06/2021 - Hearing Continued/Rescheduled** |
| | **Scheduled For:** 01/08/2021;  8:30 AM ;  JUSTINE E DEL MURO;  Jackson - Kansas City |
| 08/27/2020 | ☐ **Request for Jury Trial Filed** |
| | ☐ **Filing Info Sheet eFiling** |
| | **Filed By:** CHARLES RYAN REGAN |
| | ☐ **Pet Filed in Circuit Ct** |
| | Class Petition for Damages. |
| | **On Behalf Of:** MELISSA EVANS |
| | ☐ **Judge Assigned** |

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| MELISSA EVANS | ) |
| 1110 W. 113th Street | ) |
| Kansas City, MO 64114 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: |
| vs. | ) |
| | ) Division: |
| MAPLEBEAR, INC., doing business as | ) |
| INSTACART, | ) |
| | ) |
| **HOLD SERVICE** | ) |
| | ) |
| Defendant. | ) |

## CLASS ACTION PETITION

Plaintiff Melissa Evans ("Plaintiff" or "Evans"), on behalf of herself and all others similarly situated, by and through her undersigned attorneys, alleges the following against Defendant Maplebear, Inc., doing business as Instacart ("Defendant").

## NATURE OF THE ACTION

1.      This case arises out of Defendant's unlawful and unjust conduct in connection with certain commercial transactions involving Defendant's on-demand shopping service. Defendant's actions caused Plaintiff and others to purchase items from various retail vendors in Missouri at intentionally misrepresented and artificially high prices, and Defendant was unjustly enriched at the expense of Missouri consumers. In this action, Plaintiff seek to hold Defendant responsible and recover on behalf of herself and all others similarly situated.

## JURISDICTIONAL ALLEGATIONS

2.      Plaintiff is a natural person and resident of Jackson County, Missouri.

1

**Exhibit A**

3.      Defendant Maplebear, Inc. (hereinafter "Defendant") is a corporation, organized and existing under Delaware law, with its principal place of business located in San Francisco, California at 50 Beale Street, Suite 600, San Francisco, California 94105. Defendant is a duly registered foreign corporation and is authorized to transact business in the State of Missouri. Defendant does business under the unregistered tradename Instacart.

4.      At all times relevant, Defendant has been engaged in business as a mobile carrier and delivery service provider, offering delivery of groceries and other products from a select list of vendors to the doors of its customers throughout Missouri. Defendant uses advertisements and solicitation to sell its services to consumers in exchange for valuable consideration to be paid by the consumers for the benefit of Defendant.

5.      This matter is a civil action arising from acts, events and occurrences that occurred in Missouri, and this Court has subject matter jurisdiction over civil actions pursuant to the Missouri Constitution (1945), Art. V, §14.

6.      Jurisdiction is proper in this Court pursuant to R.S.Mo. 506.500 because Defendant transacts business in Missouri, and all tortious conduct by Defendant occurred in Missouri.

7.      The acts, events and occurrences described herein occurred in Jackson County, Missouri, and venue is proper in the Circuit Court of Jackson County, Missouri, pursuant to §508.010 R.S.Mo., as well as R.S.Mo. §407.020 and §407.025, where the injuries from the tortious conduct described herein were first sustained.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.      INSTACART'S BUSINESS MODEL.

8.      Defendant is engaged in business as a motor carrier and express company delivering groceries and other items to consumers in exchange for valuable consideration paid by them.

**Exhibit A**

9.     Defendant sells and provides its grocery delivery services under the Instacart tradename directly to consumers through co-branded websites with national retailers and local grocery and other stores, including Costco, Aldi, Sprouts, CVS, Petco, Hy-Vee, and Target.

**B.     GROCERY DELIVERY ARRANGEMENTS.**

10.     Defendant and various retail stores entered into certain agreements or arrangements for fulfillment and delivery services ("grocery delivery services") whereby the retail stores' respective members and other consumers are able to purchase grocery and other items from the partner retail stores for same-day or near-future delivery by Defendant.

11.     In connection with the grocery delivery services, Defendant, along with its retail vendors, developed certain websites and mobile applications for the placement of grocery and other delivery orders by consumers.

12.     The websites and mobile applications are co-branded with the tradename and logos of Defendant and their respective retail partners, some of which are listed above, appearing on pages and/or screens within the websites and mobile applications.

13.     In connection with orders placed through the co-branded websites and mobile applications, Defendant collects from the consumer the following:

     a.     Price of the grocery and other items purchased.

     b.     Service fee.

     c.     Tip for the Instacart delivery person.

     d.     Applicable sales taxes.

**Exhibit A**

14.     Defendant receives the service fee, tip for the Instacart delivery person, and also additional profits by misrepresenting the prices of various goods to consumers at higher rates than the actual retail cost of the products purchased.

15.     The benefit of the difference in the actual retail item price and the item price which Defendant charged to the consumer is not returned to the consumer, but is retained by Defendant.

C.     **USE OF INSTACART MOBILE APPLICATION TO PLACE GROCERY DELIVERY ORDERS.**

16.     To place an order through the Instacart mobile application, or web-based portal, the consumer opens the Instacart mobile application, or website and takes the following steps:

a.     The consumer signs in to the Instacart mobile application;

b.     The consumer inserts, changes or confirms the delivery address;

c.     The consumer selects the affiliated grocery store;

d.     The consumer selects the grocery items;

e.     The consumer applies any coupons;.

f.     The consumer goes to checkout;

g.     The consumer enters payment information;

h.     The consumer confirms the grocery delivery order.

17.     On the checkout screen, the consumer is presented with the following:

a.     Entry button to change the pre-set tip to the Instacart delivery person.

b.     Statement of charges, including: price of goods sold, service fee, estimated sales tax.

c.     Links for Terms of Use and Privacy Policy.

**Exhibit A**

18.     The links for Terms of Service and Privacy Policy are included in the following paragraph:

> By placing your order, you agree to be bound by the Instacart Terms of Service and Privacy Policy. Your card will be temporarily authorized for $[applicable monetary amount]. Your statement will reflect the final order after order completion. Learn More.
> A bag fee may be added to your final total if required by law or the retailer. The fee will be visible on your receipt after delivery.

19.     Defendant affirmatively represents via the mobile app and the web-based portal that the Defendant is the consumer's agent for completion of the purchase transaction between the retail vendor and the consumer.

20.     To complete the order, the consumer then clicks on the 'Place Order' button on the mobile app or web-based portal.

21.     The consumer is not notified by Defendant during the shopping or checkout process that Defendant has represented a higher retail price to the consumer than the actual price of the items sold from the vendor.

22.     Defendant Instacart intentionally conceals the location of Instacart's Terms of Service on the Instacart mobile application.

23.     Plaintiff did not voluntarily consent or agree to the Terms of Service.

24.     The Terms of Service do not require an electronic signature or read-click acknowledgement.

25.     The Terms of Service are included in a link, which is in a smaller font than other items on the Checkout screen of the Instacart mobile application, and the link is not conspicuously presented on the Checkout screen of the Instacart mobile application.

26.     Defendant's Terms of Service purport to set forth additional contractual terms, including: disclosure of independent contractor status, disclaimer of representations and

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

warranties, release from liability, waiver of jury trial, waiver of participation in class actions, waiver of consequential damages, waiver of punitive damages, restrictive covenants, assumption of certain specified risks, liability limited to $100.00, indemnification clause, arbitration clause, unilateral termination, unilateral right to change terms, choice of law imposing California law, choice of venue, consent to jurisdiction in San Francisco County, California.

27.     There has been no offer and acceptance of these additional terms by Plaintiff.

28.     Further, there has been no separate consideration offered or given by Defendant to Plaintiff or other consumers in exchange for these terms. Therefore, there exists no enforceable agreement to these terms by Plaintiff or other class members.

**D.     INSTACART'S BUSINESS PRACTICES.**

29.     Defendant Instacart engages in the following unfair and deceptive business practices:

a.     Defendant intentionally deceives consumers as to the pricing policy on Costco and other retail partners' products purchased through the Instacart mobile application or web-based portal by, *inter alia*, misrepresenting, concealing, suppressing and omitting the actual retail prices charged by the vendor. On the "View Pricing Policy" section of the Instacart mobile application, Defendant Instacart fails to disclose that prices for their retail partners' products are less expensive if purchased for delivery directly from the direct retailer's websites and fails to disclose that the prices are impacted by the agreements, partnerships, or joint ventures between Defendant and their respective retail partners

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

b.    Defendant intentionally misleads consumers as to the delivery fee and service fee. On the "Instacart Pricing" section of the Instacart mobile applicable, Defendant fails to disclose that Defendant charges its consumers a higher price for various products than the actual price of the products from the retail partners.

c.    Defendant intentionally misleads consumers as to the nature and use of the service fee. On the "Checkout" section of the Instacart mobile application, Defendant Instacart states that the 5% service fee is used for operating costs such as insurance and background checks.

d.    Defendant also solicits from its customers, and requires to be paid a service fee, as well as a delivery fee for each delivery, in addition to surreptitiously marking up the prices of the products that it delivers.

e.    Defendant intentionally conceals the location of Instacart's Terms of Service of the Instacart mobile application.

f.    Defendant instructs delivery drivers to conceal transaction receipts from consumers.

30.    The actual prices of items are material to the subject transactions and the consumer's choice to enter into such transaction.

### E.    PLAINTIFF'S GROCERY DELIVERY ORDERS.

31.    From about September 2019 to about August, 2020, Plaintiff placed several grocery delivery orders with Defendant from various vendors using the Instacart mobile application.

32.    The grocery and other items purchased by Plaintiff were for her personal, family or household consumption and/or use and not for commercial or resale purposes.

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

33.     Defendant, by and through its employee drivers, fulfilled the orders at their respective retail partners' stores and delivered Plaintiff's grocery delivery orders to Plaintiff's residence.

34.     Defendant intentionally and fraudulently misrepresented and concealed the true retail prices several items for which Plaintiff authorized purchase.

35.     Defendant surreptitiously inflated the referenced retail prices with the intent to induce Plaintiff to authorize a debit to Plaintiff's payment method in the inflated amounts.

36.     Plaintiff relied on Defendant's misrepresentations and completed the subject transactions to her detriment.

**TOLLING OF STATUTE OF LIMITATIONS**

37. Neither Plaintiff nor any other class member were aware that they had been harmed as set forth herein until a point within the applicable statutory period in relation to this filing.

38. Neither Plaintiff nor any other class member were aware that the harm they have suffered as set forth herein was the result of the wrongful conduct of Defendant until a point within the applicable statutory period in relation to this filing.

39. Every time that Plaintiff or a class member made purchases using the Instacart mobile app or web-based portal, he or she was damaged, and the last item of damage did not occur until that person stopped making purchases using Instacart.

**CLASS ACTION ALLEGATIONS**

40. Plaintiff repeats and realleges each and every allegation set forth above as if they were set forth herein.

41. Plaintiff brings this class action pursuant to R. S. Mo. 407.025 and Missouri Rule of Civil Procedure 52.08 on behalf of the following class:

**Exhibit A**

> All "persons" (as defined by R. S. MO. 407.010(5)) who completed transactions in Missouri for purchases of merchandise primarily for personal, family or household purposes, utilizing the services of Maplebear, Inc., doing business as Instacart.
>
> Excluded from the class are Maplebear, Inc., its parents, subsidiaries, and affiliates, and their officers, directors, employees, and agents.

42. The proposed class meets all the requirements for class certification.

43. On information and belief, thousands of "persons" (as defined by R. S. MO. 407.010(5)) have completed purchases in Missouri utilizing Instacart. Thus, the class is so numerous that joinder of all members is impracticable.

44. There are several substantial questions of law and fact common to all class members, including but not limited to:

   a. Whether Defendant's surreptitious inflation of vendors' retail prices was a method, act or practice declared unlawful by R.S.Mo. § 407.020;

   b. Whether Defendant's actions to conceal the fact of the surreptitiously inflated prices was a method, act or practice declared unlawful by R.S.Mo. § 407.020;

   c. Whether Defendant was unjustly enriched by profiting from the surreptitiously inflated prices;

   d. Whether Defendant, by virtue of its explicit representation of an agency relationship to the consumer and his or her finances, bears a confidential or fiduciary relationship to the consumer; and

9

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

  e. Whether Missouri consumers were induced to enter into transactions as a result of the fraudulent misrepresentations of Defendant.

45. Plaintiff's claims are typical of the claims of the class members.

46. Plaintiff will adequately and fairly represent the class.

47. The prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to the individual class members which would establish incompatible standards of conduct for Defendant.

48. Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief with respect to the class as a whole;

49. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy for many reasons, not the least of which is the fact that the numerosity of the class would create an undue burden on the resources of the courts if claims were pursued individually.

51. Notice can be provided to the class members by using the same manner of providing notice to class members in other class actions concerning prescription drugs.

 **F.** **DAMAGES.**

52. As a direct and proximate of result of the above-described actions, Plaintiff has suffered ascertainable loss and actual damages including, but not limited to:

  a. Loss of monies that were taken from Plaintiff under false pretenses by Defendant Instacart;

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

     b.     Attorney fees.

### G.    AGENCY

53.    At the time of the negligent acts complained of herein, and at all times mentioned, Defendant was acting through their servants, employees, and/or agents, actual or ostensible, and at the time of the negligent acts complained of herein, and at all times mentioned, Defendant and their respective servants, employees and/or agents were acting in the course and scope of their employment with Defendant.

### COUNT I

### (Violations of Missouri Merchandising Practices Act)

54.    Plaintiff incorporates each and every statement and allegation contained in the previous paragraphs of this Petition.

55.    Section 407.020, RSMo 2014, declares that "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce" is an unlawful practice in the State of Missouri.

56.    Defendant has attempted by publication, dissemination, solicitation, circulation, or any other means to induce, directly or indirectly, Plaintiff to enter into an Agreement or obligation, pursuant to R.S.Mo § 407.010(1).

57.    Defendant is a seller of "merchandise" as defined by R.S.Mo § 407.010(4).

58.    The Defendant is a "person" as defined by R.S.Mo § 407.010(5).

59.    The subject transactions were "sales" as defined by R.S.Mo § 407.010(6).

**Exhibit A**

60.     Defendant is involved in "trade" or "commerce" as defined by R.S.Mo § 407.010(7).

61.     The transactions entered into by Plaintiff were primarily for personal, family or household purposes.

62.     As a result of Defendant's violations, Plaintiff has suffered an ascertainable loss of money and/or property.

63.     At all times relevant to this case, Defendant was operating as a motor carrier and express company delivering groceries and other items to consumers within the State of Missouri.

64.     Defendant engaged in deception, suppression, concealment, omission and/or misrepresentation, when Defendant did the following:

    a.    Defendant, through its website and mobile applications, explicitly represented to its customers, including Plaintiff, that it only charged a "Service Fee," a "Delivery Fee" and a "Tip" for the driver, as well as estimated sales tax, and collected such fees at the time of the customer's checkout;

    b.    On the checkout screen, the statement of charges includes: price of goods sold, service fee, estimated sales tax;

    c.    At all times relevant, Defendant has intentionally misled Plaintiff and other consumers as to the pricing policy on Costco and other vendors' products purchased through the Instacart mobile application or website. On the "View Pricing Policy" section of the Instacart mobile application, Defendant fails to disclose that prices for Costco and other vendors' products are actually lower than represented on Defendant's platform with

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

the intent of inducing the consumer to authorize a debit to the selected payment method in the artificially inflated amount;

d.      Defendant conceals the material fact that the subject items are less expensive if purchased for delivery directly from the vendor's respective websites;

e.      Defendant conceals the fact that the prices are impacted by the agreements, partnerships, or joint ventures between Defendant and Costco or other vendors;

f.      Defendant intentionally conceals the location of Instacart's Terms of Service of the Instacart mobile application.

65.     Defendant' misrepresentations and failure to disclose its pricing practices amount to the act, use, or employment of deception, fraud, false pretense, a false promise, misrepresentation, and/or unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale of any merchandise in trade or commerce.

66.     Defendant's representations were material to Plaintiff's decision to enter into the Agreement.

67.     Plaintiff relied on Defendant's representations to her detriment and have suffered damages.

68.     The actions and conduct set forth herein show complete indifference to and/or conscious disregard for Plaintiff's rights; were intentional, knowing, willful, malicious and outrageous, and therefore Plaintiff is entitled to punitive damages to punish and deter Defendant and others similarly situated from like conduct in the future.

**Exhibit A**

69.     Under the Missouri Merchandising Practices Act, §§ 407.010, *et seq*., RSMo 2014, Plaintiff is entitled to recover actual damages for losses sustained as a result of Defendant' misconduct, his reasonable attorney's fees, as well as punitive damages, all in excess of $25,000.00.

70.     Pursuant to Mo. Rev. Stat. §407.025, Plaintiff is further entitled to attorneys' fees, expenses, and punitive damages for the above violations of the MMPA.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, for punitive damages in an amount that is fair and reasonable in excess of $25,000, for punitive damages to punish Defendant and to deter Defendant and others from like conduct, for interest at the statutory rate from the date of judgment, for costs and attorney's fees, and for such other relief as this Court deems reasonable and necessary.

## COUNT II – FRAUD

71.     Plaintiff incorporates each and every statement and allegation contained in the previous paragraphs of this Petition.

72.     False and/or untrue representations were made to Plaintiff by Defendant in that Defendant represented to Plaintiff that the retail prices of items were higher than the actual retail prices said items.

73.     Defendants' aforesaid representations were known by them to be false and/or untrue or were recklessly made without sufficient knowledge concerning them.

74.     The aforesaid representations were intentionally made for the purpose of inducing Plaintiff to act upon them by authorizing a charge to her method of payment in the artificially inflated amount.

**Exhibit A**

75.     The aforesaid representations did actually induce Plaintiff to act upon them in that Plaintiff would not have authorized the purchase of the items at their respective artificially inflated prices had she known the true respective retail prices of the items.

76.     Plaintiff reasonably relied and acted upon the aforesaid representations made when she authorized the purchase of the subject items.

77.     When Defendant made the false representations to Plaintiff, Plaintiff was ignorant of their falsity and had the right to rely on the truth of said representations.

78.     The false representations made by Defendant are the proximate cause of Plaintiff's injury and damages.

79.     By relying upon Defendant's statements, Plaintiff has sustained damages for all the reasons set forth above and for costs and attorney's fees for the prosecution of this action.

80.     The actions and conduct set forth herein show complete indifference and/or conscious disregard for Plaintiff's rights, were intentional, knowing, willful, malicious and outrageous, and therefore Plaintiff is entitled to punitive damages to punish and deter Defendant and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, for punitive damages in an amount that is fair and reasonable to punish Defendant and to deter Defendant and others from like conduct, for interest at the statutory rate from the date of judgment, for costs and attorney's fees, and for such other relief as this Court deems reasonable and necessary.

## COUNT III – BREACH OF FIDUCIARY DUTY

81.     Plaintiff incorporates each and every statement and allegation contained in the previous paragraphs of this Petition.

**Exhibit A**

82.     Defendant explicitly represented to Plaintiff and class members that Defendant was acting as the agent for Plaintiff and class members in connection with the purchase of the subject items.

83.     A fiduciary and/or confidential relationship existed between Plaintiff and Defendant in that Plaintiff relied upon and trusted Defendant with regard to the appropriate handling of her funds and business affairs, including but not limited to accurately identifying the retail prices of the subject items and charging her payment method in amounts that were consistent with the retail prices of the items purchased.

84.     Defendant breached that fiduciary duty by intentionally misrepresenting the retail prices of the subject items and charging her payment method in amounts which were artificially inflated in comparison to the actual retail prices of said items.

85.     Defendants' aforesaid breaches proximately caused harm to Plaintiff as set forth herein.

86.     Defendants' breaches of the aforementioned duties have caused harm and damages to Plaintiff in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, for punitive damages in an amount that is fair and reasonable to punish Defendant and to deter Defendant and others from like conduct, for interest at the statutory rate from the date of judgment, for costs and attorney's fees, and for such other relief as this Court deems reasonable and necessary.

## <u>COUNT IV – UNJUST ENRICHMENT</u>

87.     Plaintiff incorporates each and every statement and allegation contained in the previous paragraphs of this pleading.

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

88.    Plaintiff conferred a benefit upon Defendants in that she transferred to Defendants amounts which exceeded the respective retail prices of the subject items, exclusive of Defendants' service fees and tips.

89.    Defendants knowingly accepted said benefits and appreciated the fact that said benefits were conferred upon them.

90.    After accepting the aforesaid benefits, Defendants retained same under circumstances in which such retention without refund, credit or other remuneration is inequitable.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, for punitive damages in an amount that is fair and reasonable to punish Defendant and to deter Defendant and others from like conduct, for interest at the statutory rate from the date of judgment, for costs and attorney's fees, and for such other relief as this Court deems reasonable and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all Counts of Plaintiff's Petition.

Respectfully submitted,

/s/ Charles R.C. Regan
Charles R.C. Regan, MO # 66173
Charlesrcregan@gmail.com
1821 Wyandotte Street, Ste. 200
Kansas City, Missouri 64108
Telephone: (816) 221-5357
Fax:    (816) 888-5181

Adam M. Evans, MO #60895
BRENES LAW GROUP, P.C.
1200 Main St.
Suite 2120
Kansas City, MO 64105
Telephone: (949) 397-9360
Fax: (949) 607-4192

aevans@breneslawgroup.com

*ATTORNEYS FOR PLAINTIFFS*

Electronically Filed - Jackson - Kansas City - August 27, 2020 - 11:45 PM

**Exhibit A**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

MELISSA EVANS,

                   **PLAINTIFF(S),**             **CASE NO.** 2016-CV17865

**VS.**                                                **DIVISION 4**

MAPLEBEAR, INC.,

                   **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JUSTINE E DEL MURO** on **08-JAN-2021** in **DIVISION 4** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

        a.      A trial setting;

        b.      Expert Witness Disclosure Cutoff Date;

        c.      A schedule for the orderly preparation of the case for trial;

        d.      Any issues which require input or action by the Court;

        e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court.  Each party shall personally appear at the mediation and participate in the process.  In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case.  If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

_/S/ JUSTINE E DEL MURO_
JUSTINE E DEL MURO**, Circuit Judge**

## Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition.  It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CHARLES RYAN REGAN, 1821 WYANDOTTE ST, SUITE 200, KANSAS CITY, MO 64108

Defendant(s):
 MAPLEBEAR, INC.

 Dated:  01-SEP-2020

MARY A. MARQUEZ
Court Administrator

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

MELISSA EVANS
                **PLAINTIFF(S),**             **CASE NO. 2016-CV17865**
**VS.**                                     **DIVISION 4**

  MAPLEBEAR, INC.
                **DEFENDANT(S).**

## NOTICE OF CIVIL CASE MANAGEMENT CONFERENCE
_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **Justine E. Del Muro – Division 4 –** on 19-MAR-2021 at 09:00 AM.

      At the Case Management Conference:

- Attorneys designated as lead counsel shall appear for case management.
- The parties shall be prepared to advise the court of the issues remaining for trial.
- The parties will be ordered to prepare a scheduling order to avoid the late filing of dispositive motions and allow full and open discovery. The parties will be asked to discuss mediation.
- The parties shall be prepared to set the matter for trial.
- All trial dates are specially set and therefore continuances will not be freely granted.
- Failure to appear for cases management may result in dismissal of the case.

DATE: JANUARY 6, 2021                **JUDGE JUSTINE E. DEL MURO**

cc:
CHARLES RYAN REGAN, 1821 WYANDOTTE ST, SUITE 200, KANSAS CITY, MO 64108

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**MELISSA EVANS**

                            **PLAINTIFF(S),**                        **CASE NO.**  **2016-CV17865**

**VS.**                                                            **DIVISION 4**

**MAPLEBEAR, INC**

                            **DEFENDANT(S),**

### NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
### AND ORDER FOR MEDIATION

---

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JUSTINE E DEL MURO** on **14-MAY-2021** in **DIVISION 4** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JUSTINE E DEL MURO**
JUSTINE E DEL MURO, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CHARLES RYAN REGAN, 1821 WYANDOTTE ST, SUITE 200, KANSAS CITY, MO 64108

Defendant(s):
MAPLEBEAR, INC.

Dated: 10-MAY-2021

MARY A. MARQUEZ
Court Administrator

**Exhibit A**

Electronically Filed - Jackson - Kansas City - May 04, 2021 - 07:04 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ **AT KANSAS CITY** ☐ **AT INDEPENDENCE**

Melissa Evans
_____
PETITIONER/PLAINTIFF,

VS.

CASE NO. 2016-CV17865

Maplebear, Inc. d/b/a Instacart
_____
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name **Steve Feltner**_____

Registration No. (if applicable)_____

The Requestor states that:

☑ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☐ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____
Signature of Requesting Party

_Charles Regan_, attorney for Plaintiff
Printed Name of Requesting Party

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____
DATE

_____
JUDGE

Revised Oct 2016

**Exhibit A**

Electronically Filed - Jackson - Kansas City - May 04, 2021 - 07:05 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| MELISSA EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) Case No.: 2016-CV17865 | |
| | ) | |
| | ) | |
| MAPLEBEAR, INC., d/b/a INSTACART, | ) | |
| | ) | |
| Defendant. | ) | |

### REQUEST FOR SUMMONS FOR PERSONAL SERVICE

COMES NOW Plaintiff Melissa Evans, by and through attorney Charles R. C. Regan, and requests that this Court issue summons for personal service upon Defendant Maplebear, Inc. d/b/a Instacart, through its Registered Agent of Cogency Global, Inc., at the address Maplebear, 9666 Olive Blvd., Ste. 690. Counsel for Plaintiff is also filing herewith a Motion for Approval and Appointment of Private Process Server, an Affidavit for Appointment as a Private Process Server.

WHEREFORE, Plaintiff requests that this Court issue summons for personal service upon Defendant Maplebear, Inc. d/b/a Instacart in this matter.

Respectfully submitted,

**REGAN LAW FIRM, L.L.C.**

/s/ Charles R. C. Regan
Charles R. C. Regan, No. 66173
charlesrcregan@gmail.com
1821 Wyandotte Street, Ste. 200
Kansas City, Missouri 64108
P: 816-221-5357
F: 816-221-5236
ATTORNEY FOR PLAINTIFF

**Exhibit A**

Electronically Filed - Jackson - Kansas City - May 04, 2021 - 07:05 AM

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned hereby certifies that a true and correct copy of the foregoing document was filed via this Court's Electronic Filing System on this 4th day of May, 2021, and thereby served upon all counsel of record and upon the clerk of this Court:

/s/ Charles R. C. Regan             
Charles R. C. Regan

**Exhibit A**

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | | |
|---|---|---|
| **MELISSA EVANS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2016-CV17865** |
| **vs.** | ) | **Division  4** |
| | ) | |
| **MAPLEBEAR, INC.,** | ) | |
| | ) | |
| **Defendant.** | | |

## CASE MANAGEMENT ORDER

Plaintiff(s) appear by: C. R. Regan

Defendant(s) appear by: no service

1.  This case is reset for case management conference on August 27, 2021 at 9:00 a.m. in Division 4.


_____
14-May-2021
DATE

_____
*Justine E. Del Muro*
JUSTINE E. DEL MURO, JUDGE

**Certificate of Service**

This is to certify that a copy of the foregoing was hand delivered/faxed/emailed/mailed and/or sent through the eFiling system to the following attorneys of record on _____14-May-2021_____.

CHARLES RYAN REGAN, Attorney for Plaintiff, 1821 WYANDOTTE ST, SUITE 200, KANSAS CITY, MO 64108-, charlesrcregan@gmail.com

_____
Law Clerk, Division 4

**Exhibit A**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY    ☐ AT INDEPENDENCE

**FILED**
**DIVISION 4**
**14-May-2021    09:48**
CIRCUIT COURT OF JACKSON COUNTY, MO
BY _____

Melissa Evans
_____
PETITIONER/PLAINTIFF,

VS.

CASE NO. 2016-CV17865

Maplebear, Inc. d/b/a Instacart
_____
RESPONDENT/DEFENDANT.

## MOTION FOR APPROVAL AND APPOINTMENT
## OF PRIVATE PROCESS SERVER

COMES NOW Requestor in the above captioned matter and for its Motion for Approval/ Appointment of a Private Process Server, pursuant to Local Rule 4.9 of the Jackson County Circuit Court Rules, states to the Court as follows:

The Requestor requests that the following individual be approved and appointed to serve process in this case:

Legal Name    **Steve Feltner**  _____

Registration No. (if applicable) _____

The Requestor states that:

☑ The above-named individual is qualified to serve process in this matter and that an affidavit containing the information required by Rule 4.9 and attesting to such qualifications is attached and incorporated as Exhibit "A".

☐ The above-named individual is on the Court's List of Approved Process Servers and all of the information contained in his/her Application and Affidavit currently on file is still correct.

☐ The above-named individual is on the Court's List of Approved Process Servers and the information contained in his/her Application and Affidavit needs to be updated as indicated in an attachment, provided by me herewith.

_____          _____
Signature of Requesting Party        Printed Name of Requesting Party
                                      *Charles Regan, attorney for Plaintiff*

## ORDER

It is hereby ordered that Requestor's Motion for Approval and Appointment of a Private Process server is sustained and the above-named individual is hereby approved and appointed to serve process in the above captioned matter.

_____14-May-2021_____          _____
DATE                              JUDGE

Revised Oct 2016



**Exhibit A**

IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2016-CV17865 |
|---|---|
| Plaintiff/Petitioner:<br>MELISSA EVANS | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES RYAN REGAN<br>1821 WYANDOTTE ST<br>SUITE 200<br>KANSAS CITY, MO 64108 |
| Defendant/Respondent:<br>MAPLEBEAR, INC.<br>DBA: INSTACTART | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

vs.

## Summons in Civil Case

**The State of Missouri to:** MAPLEBEAR, INC.
DBA: INSTACTART

9666 OLIVE BLVD
STE. 690
ST. LOUIS, MO 63132

# PRIVATE PROCESS SERVER



*COURT SEAL OF*

*JACKSON COUNTY*

      You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

14-MAY-2021
Date

_____ Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____      _____
                                              Date                                   Notary Public

---

**Sheriff's Fees**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-4445** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00428-DGK   Document 1-1   Filed 06/18/21   Page 31 of 34

**Exhibit A**

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

6/2020

**Exhibit A**

### LITIGATION SUPPORT, INC.
P.O. BOX 210843
St. Louis, MO 63121
(314) 725-2534

### AFFIDAVIT: PROOF OF SERVICE

Comes now Steven D. Feltner and being duly sworn, pursuant to Missouri Rule of Civil Procedure 54.20(a)2, hereby certifies that he served the attached summons:

1) By delivering on the __21st__ day of _____May_____, 2021 a true copy of the summons and a true copy of the __petition together with the Court's appointment of process__ __server__

to the within named _defendant, Maplebear, Inc., d/b/a Instactart, by serving Ms._ _Susan Faccaro, Office Manager and person authorized by Cogency Global, Inc.,_ _defendant's Registered Agent, to receive service of process._

at _ her place of employment, 9666 Olive Blvd., Ste. 690, St. Louis, MO  63132,_

Personal service at __12:55 p.m.__

2) By leaving on the _____day of _____, 2021 for the within- named _____, a true copy of the summons and a true copy of the _____at _____ dwelling or usual place of abode with some person of _____ family over the age of 15 years:

All done in ____St. Louis County____, Missouri.
Total fee for service: __$49.00__.

Steven D. Feltner

STATE OF MISSOURI        )
                         ) SS
COUNTY OF ST. LOUIS      )

Subscribed and sworn to before me this __24th__ day of _____May_____, 2021 by Steven D. Feltner.

Notary Public
My commission expires:

DIANA RUPPRECHT
NOTARY PUBLIC - NOTARY SEAL
State of Missouri, St. Louis City
Commission #15528790
My Commission Expires: March 30, 2023

**Exhibit A**



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JUSTINE E DEL MURO | Case Number: 2016-CV17865 |
|---|---|
| Plaintiff/Petitioner:<br>MELISSA EVANS | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES RYAN REGAN<br>1821 WYANDOTTE ST<br>SUITE 200<br>KANSAS CITY, MO 64108 |
| | vs. |
| Defendant/Respondent:<br>MAPLEBEAR, INC.<br>DBA: INSTACTART | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Pers Injury-Other | *(Date File Stamp)* |

## Summons in Civil Case

| The State of Missouri to: MAPLEBEAR, INC.<br>DBA: INSTACTART<br><br>**9666 OLIVE BLVD<br>STE. 690<br>ST. LOUIS, MO 63132** | **PRIVATE PROCESS SERVER** |
|---|---|

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

14-MAY-2021
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
Date | Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( _____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JASMCC) For Court Use Only: Document ID# 21-SMCC-4445-1 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo