# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MELISSA EVANS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-00428-DGK ) |
| MAPLEBEAR INC., *d.b.a.* Instacart, | ) ) ) |
| Defendant. | ) |

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S AMENDED COMPLAINT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT

Plaintiff Melissa Evans filed her first complaint, a class action petition alleging Defendant Maplebear Inc., doing business as Instacart, violated the Missouri Merchandising Practices Act, on August 27, 2020.  Compl., ECF No. 1-1.  Plaintiff served the complaint on Defendant on May 21, 2021, and Defendant removed the case to this Court on June 18, 2021.  Notice, ECF No. 1.  On July 26, 2021, Defendant filed a motion to dismiss for failure to state a claim.  ECF No. 11.

On August 9, 2021, Plaintiff sought an extension of time "to file a response memorandum in opposition to Defendant's Motion to Dismiss."  ECF No. 13.  Defendant consented to the extension, and the Court granted Plaintiff until August 30 to file a "response."  Text Entry, ECF No. 14.

On August 30, rather than file a response memorandum in opposition to Defendant's Motion to Dismiss, Plaintiff filed an Amended Complaint.  ECF No. 18.  Plaintiff did not seek leave or request Defendant's written consent before filing the Amended Complaint.

Now before the Court is Defendant's Motion to Strike Plaintiff's Amended Complaint. ECF No. 20.  Defendant argues that, because the 21-day period in which a plaintiff may amend a

complaint as a matter of right had already lapsed, Plaintiff was required to either request leave of Court or Defendant's written consent before filing an amended complaint. *See* Fed. R. Civ. P. 15 (a)(1)(B). Because Plaintiff did neither, Defendant argues the Court should strike the Amended Complaint as immaterial and impertinent. *See* Fed. R. Civ. P. 12 (f). Accordingly, Defendant also moves the Court to treat its motion to dismiss as unopposed and rule on the existing record.

Plaintiff argues[1] that an amended complaint is a type of "response" to a motion to dismiss for failure to state a claim, and therefore the Court, by allowing her until August 30 to file a "response," allowed her to file an amended complaint as a matter of course within that time period. Plaintiff relies on *Hunter v. Dematic USA*, 2016 U.S. Dist. LEXIS 65167 at * 5 (D.N.J. May 18, 2016). However, *Hunter* is neither binding on this Court, nor stands for the proposition that a court's grant of an extension of time to file a response to a motion to dismiss also extends the time to file an amended complaint as a matter of course.

"Simply requesting an extension of time, without reference to the filing of an amended complaint, will not extend the time to file an amended complaint as a matter of course pursuant to Rule 15(a)(1)(B)." *Rice v. Shelter Mut. Ins. Co.*, No. 2:21-CV-04093-WJE, 2021 WL 4228344, at *2 (W.D. Mo. May 27, 2021). Plaintiff only requested an extension to the deadline to file her opposition to Defendant's Motion to Dismiss. Mot. ¶ 4, ECF No. 13. ("Accordingly, Plaintiff respectfully requests an extension of the deadline to file her Opposing Memorandum to August 30, 2021."). In addition, after reviewing the parties' emails, it appears that Plaintiff's counsel did not mention the possibility of filing an amended complaint when asking for an extension of time to respond to Defendant's motion to dismiss. Ex. A at 6, ECF No. 22-1.

---

[1] The Court notes that Plaintiff's attorneys did not list their bar numbers on Plaintiff's suggestions in opposition to the instant motion. Suggestions in Opp'n at 8, ECF No. 22. Attorneys signing filings are directed to list their bar number on all future filings in this case.

2

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12 (f). Though the Court enjoys broad discretion under Rule 12(f), "striking a party's pleadings is an extreme measure." *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Motions to strike should be denied unless 1) the challenged filing has "no possible relation or logical connection to the subject matter of the controversy," *N. Face Apparel Corp. v. Williams Pharmacy, Inc.*, No. 4:09-CV-2029-RWS, 2010 WL 546928, at *1 (E.D. Mo. Feb. 9, 2010), and 2) the moving party will be prejudiced, *Am. Home Assur. Co. v. Pope*, No. 02-4057-CV-C-SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005). Because Plaintiffs filed the Amended Complaint out of time and without seeking leave of Court or Defendant's written consent, the Amended Complaint is "a nullity." *Quintana v. Adair*, 673 F. App'x 815, 820 (10th Cir. 2016). Further, the Court is confident that, if it were to leave an inoperative complaint on the record, confusion to the Court and the parties will result as this litigation progresses. Defendant's motion to strike the Amended Complaint under Rule 12(f) is GRANTED.

Alternatively, Plaintiff requests the Court retroactively grant it leave to amend under Rule 15(a)(2). Leave to amend should be freely granted when justice so requires, and denial of leave "is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Regarding whether the Amended Complaint is futile, Plaintiff states only that "the Amended Complaint . . . adds factual allegations which focus and clarify the bases for Plaintiff's claims." However, after reviewing the Amended Complaint and Defendant's motion to dismiss, it does not appear that the Amended Complaint materially alters the original complaint with respect to the issues Defendant

3

identified. *See Zutz v. Nelson*, 601 F.3d 842, 852 (8th Cir. 2010). As such, the Court DENIES Plaintiff's motion for leave to amend WITHOUT PREJUDICE.

Defendant's motion for the Court to treat its motion to dismiss as unopposed and rule on the existing record is DENIED WITHOUT PREJUDICE. Plaintiff has until November 12, 2021, to file suggestions in opposition to Defendant's motion to dismiss. Alternatively, Plaintiff may file another amended complaint after either obtaining Defendant's consent or filing a motion for leave of Court.

**IT IS SO ORDERED.**

Date:  October 28, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT